**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

ANTHONY MICKEY,

       Plaintiff,

vs.

HON. MAKEBA GIBBS, IN HER OFFICIAL CAPACITY AS ASSOCIATE JUDGE OF THE CIRCUIT COURT FOR CHARLES COUNTY, AND THE STATE OF MARYLAND (THROUGH THE ADMINISTRATIVE OFFICE OF THE COURTS

       Defendant

Case No.: Number

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT**

## I. JURISDICTIONAL ALLEGATIONS

1. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) because this action arises under the Constitution and laws of the United States, including the Fourteenth Amendment, 42 U.S.C. § 1983, and the Americans with Disabilities Act, 42 U.S.C. § 12132.

2. This Court has authority to grant declaratory relief under 28 U.S.C. § 2201 and injunctive relief under Federal Rule of Civil Procedure 65.

3. This action does not seek review or reversal of any state court custody order. The Plaintiff does not ask this Court to modify, vacate, or enforce any state court ruling. Rather, this action seeks a declaration that the Defendant Judge's conduct—separate and apart from the correctness of her ruling—violated the Plaintiff's constitutional and statutory rights, and seeks prospective injunctive relief to ensure future accommodations for the Plaintiff's disability. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

280, 284 (2005) (Rooker-Feldman does not bar claims that are independent of the state court judgment).

4. The state court proceedings are inadequate to protect the Plaintiff's federal rights because the state court cannot grant a federal declaration of constitutional violations, cannot provide injunctive relief against itself under the ADA, and has already demonstrated bias against the Plaintiff. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971) (abstention not required where state proceedings are brought in bad faith or are patently void).

5. The September 23, 2025 custody order is void for lack of jurisdiction because it was entered without any factual dispute. A court has jurisdiction only when there is a justiciable controversy. Here, the opposing party's sworn discovery admissions—binding under Maryland Rule 2-424(b)—conclusively established no evidence of harm, no evidence of neglect, and no diagnosis of any mental defect. When there are no facts to adjudicate, a court acts in the complete absence of jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judicial immunity does not extend to acts taken in the clear absence of all jurisdiction). A patently void proceeding need not be abstained from. *Younger*, 401 U.S. at 53-54.

## II. PARTIES

6. Plaintiff Anthony Mickey II is a deaf individual with a hearing impairment. He resides in Waldorf, Maryland. He proceeds pro se in this action.

7. Defendant The Honorable Makeba Gibbs is an Associate Judge of the Circuit Court for Charles County, Maryland. She is sued in her official capacity for declaratory and prospective injunctive relief.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

8. Defendant State of Maryland operates the Circuit Court for Charles County and is subject to Title II of the ADA. *See Tennessee v. Lane*, 541 U.S. 509, 522-24 (2004). The State is a proper defendant for prospective injunctive relief.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Disability and Request for Accommodation

9. Plaintiff is deaf in one ear and relies on a hearing aid. He has a "localization" deficit: he can hear only what he is looking at. He reads lips to understand speech.

10. At the outset of the September 23, 2025 custody modification hearing, Plaintiff informed the court of his hearing impairment and requested captioning. The request was denied. (Tr. 11-12).

11. The court offered a listening device. Plaintiff explained that a listening device would not work for his type of hearing loss because his impairment is localization. (Tr. 45-46).

### B. The Judge's Own Words Prove She Knew Plaintiff Could Not Hear – And Proceeded Anyway

12. Judge Gibbs acknowledged on the record that Plaintiff could not hear, stating: "it doesn't sound like you're hearing us." (Tr. 45).

13. Despite this explicit acknowledgment that a deaf litigant could not hear the proceedings, Judge Gibbs did not stop. She did not ensure effective communication. She did not order captioning. She did not appoint an interpreter. She proceeded with the hearing, knowing Plaintiff could not hear.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

14. Legal significance: Judge Gibbs's own words are an admission that she knew Plaintiff could not hear. Proceeding anyway constitutes deliberate indifference to Plaintiff's rights under the ADA and the Fourteenth Amendment. *See Tennessee v. Lane*, 541 U.S. 509 (2004).

### C. The Judge Told Plaintiff's Mother to Turn Away – Denying Plaintiff the Ability to Read Lips

15. During the hearing, Plaintiff's mother was assisting him. Because Plaintiff reads lips, he needed to see faces to understand what was being said.

16. Judge Gibbs instructed Plaintiff's mother – a known lip-reading source – to turn away from Plaintiff. (Tr. 97-98). The judge knew Plaintiff was deaf. She knew he relied on visual cues. She nevertheless ordered his only source of visual communication to face away from him.

17. Legal significance: This is not a failure to accommodate. This is an affirmative act of discrimination. Telling a deaf person's lip-reading source to turn away is the functional equivalent of covering an interpreter's mouth. It constitutes hostile treatment based on disability in violation of the ADA.

### D. The Judge Told Plaintiff: "I think something is wrong with you"

18. During the hearing, Judge Gibbs looked at Plaintiff and stated: "I think something is wrong with you." (Tr. 195).

19. This statement was made to a deaf pro se litigant who had just explained his hearing impairment and requested accommodation. No reasonable judge would say this to any litigant. No reasonable judge would say this to a deaf litigant who has requested accommodation.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

20. Legal significance: This statement is direct evidence of:

- o  Disability-based animus (hostility toward a deaf litigant)

- o  Bias (prejudgment of Plaintiff's character and capacity)

- o  Violation of 28 U.S.C. § 455(a) (a judge must recuse when impartiality might reasonably be questioned)

- o  Violation of the ADA (hostile treatment based on disability)

- o  Violation of the Fourteenth Amendment's Equal Protection Clause

21. No reasonable person, hearing a judge say "I think something is wrong with you" to a deaf litigant, could conclude that the judge was impartial.

**E. The Judge Forced Plaintiff into "Yes or No" Answers While Knowing He Could Not Hear and Could Not Clarify**

22. Throughout the hearing, Judge Gibbs interrupted Plaintiff repeatedly, forced him into "yes or no" answers to misleading questions, and prevented him from clarifying mischaracterizations. (Tr. 135-38, 141-45, 162-73).

23. The transcript shows multiple instances where Plaintiff attempted to explain that opposing counsel was mischaracterizing evidence, and the judge cut him off:

| Transcript | What Happened |
| --- | --- |
| Tr. 135-38 | Plaintiff attempted to correct opposing counsel's mischaracterization of a text message. Judge Gibbs told him: "Stop, stop, stop. Let her answer the question. Do not argue with Ms. Jones. I don't care what she points to. Just answer the question." |
| Tr. 162-73 | Plaintiff attempted to clarify his testimony after being forced into a misleading "yes or no" answer. Judge |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

| | Gibbs told him: "You're arguing with her. Just answer the question." |
|---|---|

24. Meanwhile, opposing counsel was permitted to speak uninterrupted, to make lengthy narrative statements, and to mischaracterize evidence without correction.

25. Legal significance: The Due Process Clause guarantees a litigant the right to be heard. *Mathews v. Eldridge*, 424 U.S. 319 (1976). Forcing a deaf litigant into "yes or no" answers to misleading questions – while knowing he cannot hear well and cannot clarify – is not a hearing. It is a sham. The unequal treatment between Plaintiff (pro se, deaf, interrupted) and opposing counsel (represented, hearing, uninterrupted) violates the Equal Protection Clause.

### F. The Judge Applied Procedural and Evidentiary Rules Unevenly

26. The trial court admitted irrelevant photos of the opposing party's home, bedroom, and family over Plaintiff's relevance objection. (Tr. 74-77). These photos had no probative value to whether there had been a material change in circumstances or what custody arrangement was in the child's best interests.

27. The trial court admitted hearsay testimony from Leah Lassiter (about an alleged dispensary incident never reported to CPS or police) and Mariah Clayborne (about a Thanksgiving argument from 2023 – before the custody order even existed). (Tr. 15-18, 84-86). Neither witness had firsthand knowledge of Plaintiff's parenting.

28. The trial court denied Plaintiff's pre-hearing Motion to Strike Witness Testimony, forcing Plaintiff to proceed against unprepared witnesses whose testimony he had no meaningful opportunity to investigate. (Tr. 5-9).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

29. Legal significance: The unequal application of evidentiary rules – admitting the opposing party's irrelevant and hearsay evidence while excluding Plaintiff's objections – deprived Plaintiff of a fair hearing and violated his right to due process.

### G. The Judge Announced a Credibility Finding Before Plaintiff Completed His Closing Argument

30. Before Plaintiff finished his closing argument, Judge Gibbs announced: "I believe she is credible" regarding a key witness for the opposing party. (Tr. 206-07).

31. Legal significance: A judge who announces a credibility finding before hearing all evidence has prejudged the case. Due process requires a neutral and impartial tribunal. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). This violates 28 U.S.C. § 455(a) and the Fourteenth Amendment.

### H. The Judge Ordered an Immediate Mid-Week Custody Transfer Without Any Finding of Emergency, Harm, or Changed Circumstances

32. After announcing her credibility finding, Judge Gibbs ordered an immediate mid-week transfer of Plaintiff's daughter to the opposing party. (Tr. 210-11).

33. She made no finding of emergency. She made no finding of imminent harm. She made no finding that the child was in danger. She made no finding of a material change in circumstances affecting the child's welfare.

34. When Plaintiff objected that the transfer was "not in the best interests of the child," Judge Gibbs provided no legal reasoning. She responded only: "Okay… Good luck to everyone." (Tr. 211).

35. Legal significance: The Fourteenth Amendment protects the fundamental right of parents to the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

(2000); *Santosky v. Kramer*, 455 U.S. 745 (1982). Before a state may deprive a parent of custody, due process requires clear and convincing evidence of harm or unfitness. *Santosky*, 455 U.S. at 769-70.

36. Here, there was no evidence – the opposing party had admitted under oath that there was no evidence (RFA No. 1, RFP No. 1, RFP No. 4). Judge Gibbs ordered the transfer anyway. She did so without any finding of emergency, harm, or changed circumstances. She provided no reasoning. This is not a judicial act. It is an arbitrary deprivation of parental rights in the complete absence of jurisdiction. *See Stump*, 435 U.S. at 356-57.

## I. The September 23, 2025 Order Is Void for Lack of Jurisdiction

37. Prior to the hearing, the opposing party served sworn discovery responses. Those responses admitted:

| Discovery Request | Response | What It Means |
|---|---|---|
| RFA No. 1 | Admitted | No documentation from any health professional showing the child was harmed by the existing custody schedule |
| RFA No. 6 | Admitted | No qualified medical or psychological professional had ever diagnosed Plaintiff with a mental defect |
| RFP No. 1 | No documents produced | No documents showing the exchange schedule harmed the child |
| RFP No. 4 | No documents produced | No medical, school, or counseling records reflecting neglect while the child was in Plaintiff's care |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

| RFP No. 6 | No documents produced | No medical or psychological records supporting allegations of a mental defect |
|---|---|---|

38. These admissions are binding under Maryland Rule 2-424(b). They conclusively establish that there was no factual dispute for trial. When there are no facts to adjudicate, a court has no jurisdiction to rule. *See Stump*, 435 U.S. at 356-57.

39. The September 23, 2025 order is therefore void ab initio. Plaintiff does not ask this Court to vacate the order – that is a matter for state court – but the void nature of the order is relevant to this Court's jurisdiction under the *Younger* abstention doctrine.

**IV. CLAIMS FOR RELIEF**

**COUNT I: Violation of Fundamental Parental Rights (Due Process – Fourteenth Amendment)**

Against Defendant Gibbs in her official capacity – Declaratory Relief Only

40. Plaintiff realleges paragraphs 1 through 39.

41. The right of parents to make decisions concerning the care, custody, and control of their children is a fundamental liberty interest protected by the Fourteenth Amendment. *Troxel v. Granville*, 530 U.S. 57 (2000); *Santosky v. Kramer*, 455 U.S. 745 (1982); *Stanley v. Illinois*, 405 U.S. 645 (1972).

42. Before a state may deprive a parent of custody, it must provide procedural due process, including notice, an opportunity to be heard, and proof of unfitness or harm by clear and convincing evidence. *Santosky*, 455 U.S. at 769-70.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

43. Here, the opposing party's sworn admissions eliminated any factual dispute. There was no evidence of harm, no evidence of neglect, no professional diagnosis of unfitness, and no documentation of any kind supporting a modification of custody.

44. Defendant Gibbs nevertheless ordered an immediate mid-week transfer of Plaintiff's daughter to the opposing party. She did so without any finding of emergency, harm, or changed circumstances affecting the child's welfare.

45. Because there was no factual dispute, the Court acted in the complete absence of all jurisdiction. A court has no jurisdiction to rule when there are no facts to adjudicate. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (judicial immunity does not extend to acts taken in the clear absence of all jurisdiction).

46. Absolute judicial immunity does not bar declaratory relief. Even if the judge were immune from damages, she is not immune from a suit seeking a declaration that she violated the Constitution. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984) (judicial immunity does not bar prospective declaratory relief), partially overruled on other grounds by the 1996 amendment to § 1983 (which addressed injunctions, not declarations).

47. The 1996 amendment to § 1983 bars injunctive relief against a judicial officer; it does not bar declaratory relief. Plaintiff seeks only a declaration – not an injunction – as to Count I.

48. WHEREFORE, Plaintiff respectfully requests that this Court enter a declaratory judgment under 28 U.S.C. § 2201 and 42 U.S.C. § 1983 declaring that:

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

- o Defendant Gibbs violated Plaintiff's Fourteenth Amendment right to due process by ordering a custody transfer without any evidence of harm, unfitness, or changed circumstances affecting the child's welfare;

- o Defendant Gibbs violated Plaintiff's fundamental parental right to the care, custody, and control of his child.

**COUNT II: ADA Title II – Failure to Accommodate Deaf Litigants**

42 U.S.C. § 12132 – Against Defendant Gibbs in her official capacity and the State of Maryland – Injunctive Relief

49. Plaintiff realleges paragraphs 1 through 39.

50. Title II of the ADA provides: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

51. State courts are public entities subject to Title II. *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004) (Congress validly abrogated state sovereign immunity for ADA claims involving the fundamental right of access to the courts).

52. Plaintiff is a qualified individual with a disability (deaf/hard of hearing). He requested a reasonable accommodation (captioning). The request was denied. (Tr. 11-12). The judge then proceeded with the hearing, acknowledging that Plaintiff could not hear (Tr. 45).

53. Additionally, the judge told Plaintiff's mother – who was assisting Plaintiff – to turn away from Plaintiff, despite knowing that Plaintiff reads lips. (Tr. 97-98). This affirmative act further denied Plaintiff effective communication and meaningful participation.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

54. The State of Maryland, through its Administrative Office of the Courts, has a systemic obligation to provide effective communication to deaf and hard of hearing litigants. Its failure to do so constitutes a pattern or practice of discrimination.

55. Sovereign immunity is abrogated for this claim. *Lane*, 541 U.S. at 533-34.

56. WHEREFORE, Plaintiff respectfully requests that this Court:

- o Declare that Defendants violated Title II of the ADA by failing to provide effective communication (captioning and the ability to read lips) during the September 23, 2025 hearing;

- o Enjoin Defendants to provide real-time captioning or other effective communication in all future proceedings involving Plaintiff;

- o Enjoin Defendants from instructing Plaintiff's lip-reading sources (family members, interpreters, or other assistants) to turn away from Plaintiff during any court proceeding.

**COUNT III: ADA Title II – Hostile Treatment / Disability-Based Discrimination**

42 U.S.C. § 12132 – Against Defendant Gibbs in her official capacity and the State of Maryland – Injunctive Relief

57. Plaintiff realleges paragraphs 1 through 39.

58. Title II of the ADA prohibits not only the failure to accommodate, but also active discrimination against individuals with disabilities, including hostile treatment, disparate treatment, and discrimination based on disability.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

59. The ADA defines discrimination to include "excluding" a qualified individual from participation, "denying" benefits, and "subject[ing]" an individual "to discrimination." 42 U.S.C. § 12132. The Department of Justice regulations implementing Title II expressly prohibit "a public entity from using methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(3).

60. Judge Gibbs's treatment of Plaintiff – a deaf litigant who had requested accommodation – constitutes active disability-based discrimination. Her own words prove it:

| Her Words | Transcript | What They Prove |
|---|---|---|
| "I think something is wrong with you" | Tr. 195 | Disability-based animus. She looked at a deaf man and concluded something was wrong with him because of his disability. |
| "It doesn't sound like you're hearing us" – then proceeding without accommodation | Tr. 45 | Deliberate indifference. She knew he could not hear. She did not stop. |
| Instructing Plaintiff's mother to turn away | Tr. 97-98 | Active interference. She denied Plaintiff his only source of visual communication. |
| "Stop, stop, stop... Just answer the question" while forcing "yes or no" answers | Tr. 135-38, 162-73 | Hostile treatment. She used his disability as a weapon to prevent him from clarifying mischaracterizations. |

61. This treatment is not merely a failure to accommodate. It is active hostility and discrimination based on disability. Judge Gibbs treated Plaintiff differently – and worse – than a hearing litigant would have been treated.

62. No reasonable judge would say "I think something is wrong with you" to a deaf litigant. No reasonable judge would tell a deaf person's lip-reading source to turn away. No

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

reasonable judge would force a deaf litigant into "yes or no" answers while knowing he cannot hear well enough to understand the questions.

63. WHEREFORE, Plaintiff respectfully requests that this Court:

- o Declare that Defendants violated Title II of the ADA by subjecting Plaintiff to hostile treatment and disability-based discrimination;

- o Enjoin Defendants to adopt and publish policies prohibiting disability-based discrimination and hostile treatment of deaf and hard-of-hearing litigants in all Maryland proceedings;

- o Enjoin Defendants from instructing any lip-reading source (family member, interpreter, or assistant) to turn away from a deaf litigant during any court proceeding.

**COUNT IV: Declaratory Relief Under 42 U.S.C. § 1983 (Ex Parte Young)**

Against Defendant Gibbs in her official capacity – Declaratory Relief Only

64. Plaintiff realleges paragraphs 1 through 39.

65. This action is brought under 42 U.S.C. § 1983 against Defendant Gibbs in her official capacity for prospective declaratory relief. *See Ex Parte Young*, 209 U.S. 123 (1908).

66. The Defendant, acting under color of state law, deprived Plaintiff of rights secured by the Fourteenth Amendment, including the right to due process (biased tribunal), the right to be heard, and the right to equal protection (disability discrimination).

67. Specifically, the Defendant:

- o Denied Plaintiff's request for captioning and proceeded with the hearing despite acknowledging he could not hear (Tr. 45);

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

- o Instructed Plaintiff's mother to turn away, denying him the ability to read lips (Tr. 97-98);

- o Told Plaintiff, a disabled pro se litigant, "I think something is wrong with you" (Tr. 195);

- o Applied procedural and evidentiary rules unevenly, admitting irrelevant photos (Tr. 74-77) and hearsay (Tr. 15-18, 84-86) while denying Plaintiff's pre-hearing motion to strike (Tr. 5-9);

- o Interrupted Plaintiff while allowing opposing counsel to speak uninterrupted (Tr. 135-38, 141-45, 162-73);

- o Announced a credibility finding before Plaintiff completed his closing argument (Tr. 206-07);

- o Ordered an immediate custody transfer without evidence of harm or changed circumstances (Tr. 210-11);

- o Provided no legal reasoning when Plaintiff objected, responding only: "Okay… Good luck to everyone" (Tr. 211).

68. The 1996 amendment to § 1983 bars injunctive relief against a judicial officer; it does not bar declaratory relief. Plaintiff seeks only a declaration – not an injunction – as to Count IV.

69. Absolute judicial immunity does not bar declaratory relief. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

70. *Younger* abstention does not apply because the state proceeding is inadequate to protect Plaintiff's federal rights (the state court cannot grant a federal declaration), and because

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

the proceeding was conducted in bad faith and is patently void for lack of jurisdiction. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

71. WHEREFORE, Plaintiff respectfully requests that this Court enter a declaratory judgment under 28 U.S.C. § 2201 and 42 U.S.C. § 1983 declaring that:

- o Defendant Gibbs violated Plaintiff's Fourteenth Amendment right to due process by presiding over a hearing in which her impartiality could reasonably be questioned;

- o Defendant Gibbs violated Plaintiff's Fourteenth Amendment right to due process by failing to accommodate his known hearing disability;

- o Defendant Gibbs violated Plaintiff's Fourteenth Amendment right to equal protection by discriminating against him on the basis of his disability;

- o Defendant Gibbs violated Plaintiff's Fourteenth Amendment right to be heard by interrupting his testimony, forcing "yes or no" answers, and curtailing his closing argument while allowing opposing counsel to speak uninterrupted;

- o Defendant Gibbs violated Plaintiff's Fourteenth Amendment right to due process by ordering an immediate custody transfer without evidence, without findings, and without legal reasoning.

### V. SUMMARY OF DEFENDANT GIBBS'S OWN WORDS AND WHAT THEY PROVE

| Gibbs's Words (Transcript) | Legal Violation Proved |
|---|---|
| "I think something is wrong with you" (Tr. 195) | ADA hostile treatment; Equal Protection violation; 28 U.S.C. § 455(a) bias; due process violation |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

| "It doesn't sound like you're hearing us" – then proceeding (Tr. 45) | ADA deliberate indifference; due process violation |
| --- | --- |
| Instructing mother to turn away (Tr. 97-98) | ADA active interference; denial of effective communication |
| "Stop, stop, stop... Just answer the question" (Tr. 135-38, 162-73) | Denial of right to be heard; unequal treatment; due process violation |
| "I believe she is credible" before closing argument (Tr. 206-07) | Prejudgment; bias; 28 U.S.C. § 455(a) violation |
| "Okay… Good luck to everyone" after objection (Tr. 211) | No reasoning; arbitrary deprivation of parental rights; lack of jurisdiction |

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. On Count I (Parental Rights – Declaratory Relief):

- Enter a declaratory judgment that Defendant Gibbs violated Plaintiff's fundamental parental rights under the Fourteenth Amendment by ordering a custody transfer without evidence.

B. On Count II (ADA – Failure to Accommodate):

- Enter a declaratory judgment that Defendants violated Title II of the ADA;

- Enjoin Defendants to provide real-time captioning or other effective communication in all future proceedings involving Plaintiff;

- Enjoin Defendants from instructing Plaintiff's lip-reading sources to turn away from Plaintiff during any court proceeding.

C. On Count III (ADA – Hostile Treatment):

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

- Enter a declaratory judgment that Defendants violated Title II of the ADA by subjecting Plaintiff to hostile treatment and disability-based discrimination;

- Enjoin Defendants to adopt and publish policies prohibiting disability-based discrimination and hostile treatment of deaf and hard-of-hearing litigants in all Maryland proceedings.

D. On Count IV (§ 1983 Declaratory Relief):

- Enter a declaratory judgment that Defendant Gibbs violated Plaintiff's Fourteenth Amendment rights to due process, equal protection, and to be heard, as set forth in paragraphs 64 through 71.

E. For all counts:

- Award Plaintiff his reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and the ADA, to the extent permitted by law;

- Grant such other and further relief as the Court deems just and proper.

The Plaintiff does NOT seek an order from this Court reversing the custody determination itself. The Plaintiff seeks only declaratory and prospective injunctive relief regarding the constitutional and statutory violations that occurred during the state court proceeding.

Respectfully submitted this 29th day of May, 2026.

_____
Anthony Mickey, II, Pro Se
2006 Amber Leaf Pl Apt. 34
Waldorf, MD 20602

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of May, 2026, a true and correct copy of the foregoing Complaint was served via first-class mail, postage prepaid, to:

The Honorable Makeba Gibbs

Charles County Circuit Court

200 Charles Street

La Plata, MD 20646

And to the Maryland Attorney General's Office

200 St. Paul Place

Baltimore, MD 21202

Anthony Mickey, II, Pro Se
2006 Amber Leaf Pl Apt. 34
Waldorf, MD 20602
Tel: (202) 375-9675
Email: amjr2009@gmail.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983 AND THE AMERICANS WITH DISABILITIES ACT