**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

ANTHONY MICKEY II,

      Plaintiff,

vs.

HON. MAKEBA GIBBS, IN HER OFFICIAL CAPACITY AS ASSOCIATE JUDGE OF THE CIRCUIT COURT FOR CHARLES COUNTY, AND THE STATE OF MARYLAND DEFENDANT

Case No.: Number

**MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

I. INTRODUCTION

II. FACTUAL BACKGROUND

A. The September 23, 2025 Hearing and Its Aftermath

B. Plaintiff's Unanswered Motion to Recuse

C. The Forthcoming Motion to Modify Custody

III. LEGAL STANDARD FOR PRELIMINARY INJUNCTION

IV. THIS COURT HAS AUTHORITY TO GRANT THE REQUESTED RELIEF NOTWITHSTANDING 42 U.S.C. § 1983'S JUDICIAL INJUNCTION BAR

A. This Motion Is Brought Under the ADA, Not § 1983

B. The § 1983 Bar Applies Only to Injunctions Against Judicial Officers Individually

C. The Recusal and Stay Requests Are Reasonable Accommodations Under the ADA

D. In the Alternative, Plaintiff Seeks a Temporary Restraining Order

V. LIKELIHOOD OF SUCCESS ON THE MERITS

VI. THE STATE TOOK PLAINTIFF'S PARENTAL RIGHTS WITHOUT A SINGLE SHRED OF EVIDENCE — A DANGEROUS PRECEDENT THIS COURT MUST CORRECT

VII. IRREPARABLE HARM

VIII. THE UNANSWERED RECUSAL MOTION DEMONSTRATES ONGOING HARM

IX. THE BALANCE OF EQUITIES TIPS SHARPLY IN PLAINTIFF'S FAVOR

X. THE PUBLIC INTEREST SUPPORTS GRANTING THE INJUNCTION

XI. THE PENDING CUSTODY MOTION DOES NOT TRIGGER YOUNGER ABSTENTION

XII. NO NEW JUDGE HAS BEEN ASSIGNED — WHY THIS COURT MUST ACT NOW

XIII. NOTICE CERTIFICATION

XIV. CONCLUSION

## I. INTRODUCTION

1. Plaintiff Anthony Mickey, II, a deaf/hard-of-hearing parent, was denied basic ADA accommodations during a custody hearing on September 23, 2025. The presiding judge, Defendant Makeba Gibbs, acknowledged that Plaintiff could not hear — "it doesn't sound like you're hearing us," Tr. 45 — yet proceeded without captioning. She then told Plaintiff's mother, his lip-reading assistant, to turn away. She told Plaintiff "I think something is wrong with you," Tr. 195. She announced a credibility finding before Plaintiff completed his closing argument, Tr. 206-07. And she ordered an immediate mid-week custody transfer without any evidence of harm or changed circumstances, Tr. 210-11.

2. Plaintiff filed a motion to recuse Judge Gibbs. It remains unanswered. No hearing has been scheduled. No ruling has issued. Judge Gibbs continues to preside.

3. Now, Plaintiff intends to file a new motion to modify custody in the Circuit Court for Charles County — a motion that will be heard, absent relief from this Court, by the same

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 2

Judge Gibbs who has already demonstrated bias and who has failed to rule on the recusal motion.

4. This motion is brought under the ADA, not § 1983. Plaintiff acknowledges that 42 U.S.C. § 1983 contains a statutory bar on injunctive relief against judicial officers. That bar does not apply here because: (a) this motion arises under Title II of the ADA, which has no such bar; (b) Plaintiff seeks injunctive relief against the State of Maryland, not against Judge Gibbs personally; and (c) to the extent any order affects Judge Gibbs's assignment, it is sought as a reasonable accommodation under the ADA, not as a punitive injunction.

5. What Judge Gibbs did — taking Plaintiff's daughter without a single piece of evidence — is the precise evil the Fourteenth Amendment was ratified to forbid. This Court should issue a preliminary injunction.

## II. FACTUAL BACKGROUND

A. The September 23, 2025 Hearing and Its Aftermath

6. The facts are set forth in detail in the Complaint (¶¶ 5-10). For purposes of this motion, the following facts are dispositive:

| Fact | Evidence |
|---|---|
| Plaintiff requested captioning | Tr. 11-12 |
| Request was denied | Tr. 11-12 |
| Judge Gibbs acknowledged Plaintiff could not hear | Tr. 45 |

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 3

| | |
|---|---|
| Judge Gibbs told Plaintiff's mother to turn away, denying lip-reading | Tr. 97-98 |
| Judge Gibbs stated "I think something is wrong with you" | Tr. 195 |
| Judge Gibbs announced credibility finding before closing argument | Tr. 206-07 |
| Judge Gibbs ordered immediate custody transfer without evidence | Tr. 210-11 |

7. Prior to the hearing, Plaintiff had served sworn discovery responses on the 'opposing party. Those responses admitted:

| Admission | What It Means |
|---|---|
| RFA No. 1 | No documentation of harm to the child |
| RFA No. 6 | No qualified professional ever diagnosed Plaintiff with a mental defect |
| RFP No. 4 | No medical, school, or counseling records reflecting neglect |

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 4

| RFP No. 6 | No medical or psychological records supporting claims |
|---|---|

8. Under Maryland Rule 2-424(b), these admissions are "conclusively established." There was no factual dispute for trial.

9. Despite this, Judge Gibbs admitted hearsay testimony while excluding Plaintiff's evidence, announced a credibility finding before Plaintiff completed his closing argument, told Plaintiff "I think something is wrong with you," and ordered an immediate mid-week custody transfer without any finding of emergency, harm, or changed circumstances affecting the child's welfare.

### B. Plaintiff's Unanswered Motion to Recuse

10. Following the September 23 hearing, Plaintiff filed a Motion to Recuse Judge Gibbs in the Circuit Court for Charles County. [Exhibit A].

11. Plaintiff subsequently filed a Supplement to Motion to Recuse, providing additional evidence of bias, including the transcript citations set forth above. [Exhibit B].

12. As of the filing of this motion, no ruling has been issued on either the recusal motion or the supplement. No hearing has been scheduled. No new judge has been assigned. Judge Gibbs continues to preside over matters involving Plaintiff, including the underlying custody case.

### C. The Forthcoming Motion to Modify Custody

13. On the same day this federal action is filed, Plaintiff will file a Motion to Modify Custody in the Circuit Court for Charles County. [Exhibit C].

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 5

14. That motion is based on circumstances arising after September 23, 2025. It does not seek to relitigate the September 23 ruling. It seeks prospective relief based on changed conditions.

15. Critically: As of the filing of this federal action, no judge has been assigned to the new custody motion. Absent intervention from this Court, that motion will be assigned to Judge Gibbs — the same judge who denied Plaintiff's ADA accommodations, told Plaintiff "something is wrong with you," announced a credibility finding before hearing Plaintiff's complete argument, and has failed to rule on the pending recusal motion.

## III. LEGAL STANDARD FOR PRELIMINARY INJUNCTION

16. A preliminary injunction is an "extraordinary remedy" that may only be awarded upon a "clear showing" that the plaintiff is entitled to such relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

17. A plaintiff seeking a preliminary injunction must establish:

(1) likelihood of success on the merits;

(2) likelihood of irreparable harm in the absence of preliminary relief;

(3) that the balance of equities tips in the plaintiff's favor; and

(4) that an injunction is in the public interest.

*Winter*, 555 U.S. at 20.

18. When the government is a defendant, the third and fourth factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

19. Plaintiff satisfies each factor and makes the required "clear showing."

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 6

## IV. THIS COURT HAS AUTHORITY TO GRANT THE REQUESTED RELIEF NOTWITHSTANDING 42 U.S.C. § 1983'S JUDICIAL INJUNCTION BAR

20. Plaintiff acknowledges and fully respects the statutory limitation set forth in 42 U.S.C. § 1983, as amended by the Federal Courts Improvement Act of 1996. That statute provides:

> *"in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."* 42 U.S.C. § 1983 (last paragraph).

21. Plaintiff is not seeking to evade this statute. Rather, the statute does not apply to this motion for three independent reasons.

### A. This Motion Is Brought Under the ADA, Not § 1983

22. The statutory bar on injunctions against judicial officers appears only in § 1983. It does not appear in the ADA. Title II of the ADA contains no such limitation. 42 U.S.C. § 12132 *et seq.*

23. The ADA is a separate, freestanding federal statute that Congress enacted under its Spending Clause and Section 5 of the Fourteenth Amendment power. *See Tennessee v. Lane*, 541 U.S. 509, 518-23 (2004). The 1996 amendment to § 1983 did not amend the ADA.

24. This Court therefore has full authority under the ADA to enter injunctive relief against a state court system, including orders requiring accommodations and orders affecting the assignment of judges insofar as necessary to prevent ongoing discrimination.

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 7

25. The relief Plaintiff seeks under the ADA — captioning, lip-reading protection, and effective communication — is classic injunctive relief that Title II expressly authorizes. *See* 42 U.S.C. § 12133 (incorporating remedies under Section 505 of the Rehabilitation Act, which includes injunctive relief).

**B. The § 1983 Bar Applies Only to Injunctions Against Judicial Officers Individually**

26. Even under § 1983, the bar applies only to injunctions against "a judicial officer for an act or omission taken in such officer's judicial capacity."

27. Plaintiff seeks injunctive relief against the State of Maryland (through the Administrative Office of the Courts) — not against Judge Gibbs personally in her individual capacity.

28. Count II of the Complaint (ADA claim) names both Judge Gibbs in her official capacity and the State of Maryland as Defendants. The ADA claim for injunctive relief runs against the state entity, not the judicial officer personally. The fact that the injunction may have the effect of requiring a different judge to hear Plaintiff's case does not transform it into an injunction against Judge Gibbs personally for a judicial act.

**C. The Recusal and Stay Requests Are Reasonable Accommodations Under the ADA**

29. To the extent Plaintiff seeks any order that could be construed as affecting Judge Gibbs's assignment to future cases, that order is sought as part of the ADA's reasonable accommodation requirement — not as a punitive or corrective measure against the judge personally.

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 8

30. The ADA requires public entities to provide "reasonable modifications" to their policies, practices, and procedures to avoid discrimination. 28 C.F.R. § 35.130(b)(7).

31. When a judge has demonstrated bias against a disabled litigant — including by stating "I think something is wrong with you" (Tr. 195) — a reasonable modification may include assigning a different judge to that litigant's future proceedings. This is not an "injunction against a judicial officer." It is an accommodation for a disabled person.

32. *Cf. Tennessee v. Lane*, 541 U.S. at 531 ("Title II's accommodation requirement is a valid prophylactic measure.").

**D. In the Alternative, Plaintiff Seeks a Temporary Restraining Order**

33. If this Court determines that the preliminary injunction cannot be granted before Defendants have an opportunity to respond, Plaintiff requests in the alternative that the Court issue a temporary restraining order (TRO) under Rule 65(b).

34. The harm here is immediate and irreparable. Plaintiff is filing a new motion to modify custody in state court. Absent a TRO, that motion will be assigned to Judge Gibbs. The same violations will occur again.

35. This Court should issue a TRO preserving the status quo pending a hearing on the preliminary injunction.

**V. LIKELIHOOD OF SUCCESS ON THE MERITS**

36. Title II of the ADA provides: *"no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,*

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 9

*programs, or activities of a public entity, or be subjected to discrimination by any such entity."* 42 U.S.C. § 12132.

37. State courts are public entities subject to Title II. *Tennessee v. Lane*, 541 U.S. 509, 533-34 (2004).

38. To establish a Title II violation, a plaintiff must show: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denied the benefits of a public entity's services, programs, or activities; and (3) such exclusion or denial was by reason of his disability. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005).

39. Plaintiff satisfies all three elements:

| Element | Evidence |
| --- | --- |
| (1) Qualified individual with disability | Plaintiff is deaf/hard of hearing, relies on hearing aid and lip-reading |
| (2) Denied benefits of court proceeding | Denied captioning (Tr. 11-12); told his lip-reading assistant to turn away (Tr. 97-98); could not hear (Tr. 45) |
| (3) By reason of disability | Judge proceeded despite knowing Plaintiff could not hear |

40. Additionally, the Fourth Circuit requires public entities to provide "meaningful access" to their services. *See Chisolm v. McManimon*, 275 F.3d 315, 326 (4th Cir. 2001). Plaintiff did not receive meaningful access. He received no access. A hearing you cannot hear is no hearing at all.

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 10

41. Likelihood of success on the ADA claim is strong.

## VI. THE STATE TOOK PLAINTIFF'S PARENTAL RIGHTS WITHOUT A SINGLE SHRED OF EVIDENCE — A DANGEROUS PRECEDENT THIS COURT MUST CORRECT

42. The right of parents to make decisions concerning the care, custody, and control of their children is among the oldest of fundamental liberty interests protected by the Fourteenth Amendment. *Troxel v. Granville*, 530 U.S. 57, 65 (2000). As the Supreme Court has repeatedly held:

> *"The liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by this Court." Id.*

> *"The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents." Santosky v. Kramer*, 455 U.S. 745, 753 (1982).

43. Before the state may deprive a parent of custody, the Constitution requires procedural due process — including notice, an opportunity to be heard, and proof of unfitness or harm by clear and convincing evidence. *Santosky*, 455 U.S. at 769-70.

### The State Produced Zero Evidence

44. Here, the State produced no evidence. Plaintiff's own sworn discovery admissions — which under Maryland Rule 2-424(b) are "conclusively established" — admitted:

| Admission | What It Means |
|---|---|
| RFA No. 1 | The State had no evidence that the existing custody schedule harmed the child |
| RFA No. 6 | The State had no medical evidence of unfitness |
| RFP No. 4 | The State had no evidence that the child was ever neglected |
| RFP No. 6 | The State had no expert evidence of any kind |

45. There was no factual dispute for trial.

Judge Gibbs Ordered the Transfer Anyway

46. Despite the complete absence of evidence, Judge Gibbs ordered an immediate mid-week custody transfer without any finding of emergency, harm, or changed circumstances.

This Is a Dangerous Precedent

47. If a state court can remove a child from a parent without evidence — without a finding of harm, without a finding of unfitness, without even a disputed factual issue — then no parent in Maryland is safe.

48. The Supreme Court has warned against precisely this kind of judicial overreach:

"The Due Process Clause forbids the government from depriving a person of life, liberty, or property without due process of law. The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

*"A parent's interest in the custody of a child is a liberty interest protected by the Fourteenth Amendment. The state may not deprive a parent of that interest without due process of law."* Stanley v. Illinois, 405 U.S. 645, 651 (1972).

49. What happened to Plaintiff is exactly what due process was designed to prevent.

## VII. IRREPARABLE HARM

50. Irreparable harm is harm that cannot be compensated by money damages. *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994).

51. Plaintiff faces multiple irreparable harms:

| Harm | Why Irreparable |
|------|-----------------|
| Loss of parenting time | Every day Plaintiff loses time with his daughter is a day that can never be recovered. "Time with one's children is an irreplaceable asset." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002) |
| Continued bias from Judge Gibbs | If Judge Gibbs hears the new custody motion without recusal, Plaintiff will suffer the same due process violations. A biased tribunal inflicts irreparable constitutional harm. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 881 (2009) |
| Ongoing ADA violations | Each future hearing without captioning is a new violation. "The loss of constitutional freedoms for even minimal periods of time constitutes |

irreparable injury." *Giovani Carandola, Ltd. v. Bason*, 303 F. App'x 129, 135 (4th Cir. 2008)

52. Plaintiff does not need to wait for the harm to occur again. The risk is not speculative — it is certain. Judge Gibbs has already violated Plaintiff's rights. She will preside over the new custody motion absent intervention.

## VIII. THE UNANSWERED RECUSAL MOTION DEMONSTRATES ONGOING HARM

53. The unanswered motion to recuse is not a problem — it is Plaintiff's best evidence of ongoing harm.

| Fact | Evidence | Legal Significance |
|---|---|---|
| Plaintiff filed a recusal motion | Exhibit A | Plaintiff exhausted state remedies |
| Plaintiff filed a supplement | Exhibit B | Plaintiff provided additional evidence of bias |
| No ruling has been issued | Declaration of Plaintiff | The state court has failed to act |
| No hearing has been scheduled | Declaration of Plaintiff | The state court has provided no timeline |
| No new judge has been assigned | Declaration of Plaintiff | Judge Gibbs continues to preside |

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 14

54. The Fourth Circuit has held that "a federal court may grant injunctive relief against a state court proceeding when the state court is 'unable or unwilling to provide adequate protection of federal rights.'" *S.C. State Ports Auth. v. Nat'l Labor Relations Bd.*, 459 F.2d 479, 482 (4th Cir. 1972). That standard is met here.

## IX. THE BALANCE OF EQUITIES TIPS SHARPLY IN PLAINTIFF'S FAVOR

| Factor | Analysis |
|---|---|
| Harm to Plaintiff if no injunction | Loss of parenting time, denial of ADA accommodations, biased tribunal, irreparable damage to relationship with daughter |
| Harm to Defendants if injunction granted | Minimal. Captioning services are routine and cost-effective. Recusal simply reassigns the case to another of the 33 circuit judges in Charles County |

55. *See Tennessee v. Lane*, 541 U.S. at 533 (the state's interest in adjudicating domestic relations cases does not include the right to discriminate against disabled litigants).

56. The balance of equities strongly favors Plaintiff.

## X. THE PUBLIC INTEREST SUPPORTS GRANTING THE INJUNCTION

57. The public interest is served when courts enforce the ADA and the Constitution.

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 15

| Interest | Authority |
|---|---|
| ADA enforcement serves the profound public interest in equal access to the courts for disabled individuals | *Lane*, 541 U.S. at 523-24 |
| Judicial recusal serves the public interest in preserving the appearance of impartiality | *Caperton*, 556 U.S. at 881 |
| Enforcing due process serves the public interest in fair adjudication | *Santosky*, 455 U.S. at 753 |

58. The public interest factor weighs heavily in favor of granting the injunction.

## XI. THE PENDING CUSTODY MOTION DOES NOT TRIGGER YOUNGER ABSTENTION

59. Defendants may argue that this Court should abstain under *Younger v. Harris*, 401 U.S. 37 (1971). That argument fails for three reasons.

Reason 1: This Action Does Not Seek to Enjoin the State Proceeding

60. Plaintiff is not asking this Court to stop the state custody proceeding. Plaintiff is asking this Court to require ADA accommodations within the state proceeding and to stay proceedings only before Judge Gibbs.

61. *Younger* abstention does not apply when the federal plaintiff "does not seek to enjoin the state proceeding, but rather seeks a declaration of his federal rights and an injunction ensuring that those rights are respected in the future." *Steffel v. Thompson*, 415 U.S. 452, 462 (1974).

Reason 2: The State Proceeding Cannot Provide Adequate Relief

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 16

62. *Younger* requires that the state proceeding be "adequate to protect the plaintiff's federal rights." *Moore v. Sims*, 442 U.S. 415, 425 (1979).

63. Here, the state proceeding is inadequate because:

- o The state court cannot grant a federal declaration of ADA violations

- o The state court has already failed to rule on Plaintiff's recusal motion

- o The state court has already violated Plaintiff's ADA rights once

Reason 3: The Bad Faith Exception Applies

64. *Younger* abstention does not apply when the state proceeding is conducted in bad faith or is patently void. *Younger*, 401 U.S. at 53-54.

65. The bad faith here is manifest:

- o Judge Gibbs told Plaintiff "I think something is wrong with you"

- o Judge Gibbs announced a credibility finding before Plaintiff completed his closing argument

- o Judge Gibbs denied ADA accommodations

- o Judge Gibbs ordered a custody transfer without any evidence

- o Judge Gibbs has failed to rule on Plaintiff's recusal motion

## XII. NO NEW JUDGE HAS BEEN ASSIGNED — WHY THIS COURT MUST ACT NOW

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 17

66. Plaintiff is filing a new motion to modify custody in state court. As of today, no judge has been assigned to that motion.

67. This is not a reason for this Court to abstain. It is the very reason this Court must act now.

68. If this Court does not act:

- o (1) the new custody motion will be assigned to Judge Gibbs;

- o (2) Judge Gibbs will preside;

- o (3) the same violations will occur again; and

- o (4) Plaintiff will suffer additional irreparable harm.

69. The fact that no judge has been assigned yet means this Court can act before the harm occurs — not after. That is precisely what preliminary injunctions are for.

## XIII. NOTICE CERTIFICATION

70. Plaintiff certifies that he is serving this motion and memorandum on Defendants concurrently with filing.

71. Plaintiff requests expedited consideration.

72. If the Court determines that additional notice is required, Plaintiff requests that the Court set an expedited briefing schedule.

## XIV. CONCLUSION

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 18

73. This Court must not allow a precedent to stand in which a state court removes a child from a parent without evidence, without a finding of harm, and without due process of law.

74. For the foregoing reasons, Plaintiff respectfully requests that this Court:

| Request | Relief Sought |
| --- | --- |
| 1 | GRANT the motion for preliminary injunction; |
| 2 | ENJOIN Defendants to provide real-time captioning or other effective communication in all future proceedings involving Plaintiff in the Circuit Court for Charles County; |
| 3 | ENJOIN Defendants from instructing Plaintiff's lip-reading assistants to turn away during any court proceeding; |
| 4 | DECLARE that Defendant Judge Gibbs must be recused from any further proceedings involving Plaintiff; |
| 5 | STAY any further proceedings before Judge Gibbs in any matter involving Plaintiff pending this Court's resolution of the recusal issue; |
| 6 | REINSTATE the parenting time schedule in effect prior to September 23, 2025, as an interim measure; and |

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 19

| 7 | GRANT such other and further relief as this Court deems just and proper. |

75. In the alternative, Plaintiff requests that this Court issue a temporary restraining order (TRO) under Rule 65(b) preserving the status quo pending a hearing on the preliminary injunction.

Respectfully submitted this 28th day of May, 2026.

Anthony Mickey, II, Pro Se

2006 Amber Leaf Pl Apt. 34

Waldorf, MD 20602

(202) 375-9675

amjr2009@gmail.com

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 20

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2026, a true and correct copy of the foregoing Memorandum in Support of Motion for Preliminary Injunction was served via first-class mail, postage prepaid, to:

The Honorable Makeba Gibbs

Charles County Circuit Court

200 Charles Street

La Plata, MD 20646

And to the Maryland Attorney General's Office

200 St. Paul Place

Baltimore, MD 21202

Anthony Mickey, II, Pro Se

2006 Amber Leaf Pl Apt. 34

Waldorf, MD 20602

(202) 375-9675

amjr2009@gmail.com

MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION - 21