IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY MICKEY, II, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. 8:26-cv-02178-TDC |
| HON. MAKEBA GIBBS, ET AL., | * | |
| *Defendants*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants, the Honorable Makeba Gibbs ("Judge Gibbs"), Associate Judge for the

Circuit Court of Charles County, Maryland, and the State of Maryland, oppose Plaintiff

Anthony Mickey, II's motion for preliminary injunction, and in support thereof, states as

follows:

**INTRODUCTION**

Plaintiff has filed a motion for preliminary injunction in which he seeks (1) recusal

of Judge Gibbs from any further proceedings involving plaintiff; (2) provision of real-time

captioning (or similar accommodation) for all future court proceedings involving plaintiff;

and (3) a stay of any proceedings involving plaintiff before Judge Gibbs until recusal and

reassignment occurs.  (ECF No. 3.)  Plaintiff's motion is premised on events alleged to

have occurred during a custody hearing on September 23, 2025 in the Circuit Court for

Charles County, Maryland.  (ECF No. 3-1, at ¶ 1.)

Plaintiff alleges that he is deaf/hard of hearing and requested real-time captioning

at the time of the hearing on his child custody matter in the state court. (ECF No. 1, at 3.) Plaintiff further alleges that during the course of the hearing, Judge Gibbs, who presided over the hearing, made various statements acknowledging plaintiff's inability to hear the proceedings.   (ECF No. 1, at ¶¶ 12, 18 ; ECF No. 3, at ¶ 1.)   Plaintiff omits from his motion for injunctive relief that he denied an offered listening/sound amplification device. He further omits that following an unsatisfactory outcome of the September 23, 2025 hearing, he appealed the state court's custody decision in which he raised substantively the same issues raised in his complaint herein.

The Appellate Court of Maryland has summarized the events of the September 23, 2025 hearing in its unreported opinion.  *Mickey v. Walker*, No. 1739, Sept. term 2025, 2026 WL 1413197 (App. Ct. Md. May 20, 2026), *cert. denied*, SCM-PET-0140-2026 (July 21, 2026).   With respect to plaintiff's hearing impairment, the court noted that plaintiff informed the Circuit Court at the beginning of the hearing that he was hearing impaired and wears a hearing aid.  *Id.* at *7.   The Circuit Court offered plaintiff a listening device which he denied.  *Id.*   After suggesting that captioning would be better and the Court confirming its present lack of availability, plaintiff stated "then that's fine."  *Id.*   Later in the hearing as plaintiff appeared to have difficulty with hearing the proceedings, plaintiff was again offered a listening device, to which he responded: "I'm fine.  I don't need it. We don't need it."  *Id.*   As summarized by the Appellate Court, "[plaintiff] alerted the court to his hearing impairment but then twice declined the court's offer to help him hear the proceedings better."  *Id.* at *8.

2

Plaintiff now claims, as he did in the Appellate Court, that he was denied due process and meaningful participation in the custody hearing.  *See* (ECF No. 3-1, at 13-14); *Mickey*, 2026 WL 1413197, at *7.  The Appellate Court found that plaintiff's affirmative rejection of assistance for any hearing deficiencies constituted a waiver of any objection to proceeding without a hearing device, and therefore it was unpreserved for review.  *Id.* at 8.

Despite plaintiff's previous waiver of the issue, plaintiff now seeks this court to preemptively require the providing of real time captioning at any future proceedings. Further, plaintiff seeks to prevent Judge Gibbs from presiding over any future proceedings and stay any proceedings until so.[1]

Plaintiff's motion for injunctive relief should be denied because plaintiff fails to make a clear showing of any requisite factor for the relief requested. He seeks extraordinary federal interference with ongoing and prospective state domestic-relations proceedings, including an order effectively dictating state-court judicial assignment.  Plaintiff's assertions do not establish a likelihood of success under Title II of the ADA and do not demonstrate an imminent, non-speculative irreparable harm.  To the extent plaintiff asks this Court to order recusal and a stay of proceedings before a state judge, his request

---

[1] Plaintiff recently filed a petition for writ of mandamus with the Supreme Court of Maryland requesting a ruling on his motion for Judge Gibbs' recusal from any future proceedings, which petition was denied.  *Mickey v. Circuit Court for Charles County*, Supreme Court of Maryland Case No. SCM-MISC-0135-2025, Petition attached as Exhibit 1, Order attached as Exhibit 2.  Plaintiff's motion for recusal remains pending in the Circuit for Charles County.  *See Walker v. Mickey*, Circuit Court for Charles County Case No. C-08-FM-24-000324, docket attached as Exhibit 3.

collides with statutory limits on injunctive relief against judicial officers, abstention principles, and the absence of any record of a pending, scheduled hearing that would render federal intervention necessary now.

## ARGUMENT

### I.  Plaintiff Fails to Meet the Requirements for Injunctive Relief.

The issuance of "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), *see also SAS Institute, Inc. v. World Programming Lmtd*, 874 F.3d 370, 385 (4th Cir. 2017) (satisfying four-prong test is "a high bar, as it should be.").

A party seeking a preliminary injunction or temporary restraining order must establish the following elements: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Furthermore, to be entitled to the extraordinary remedy of an injunction, a plaintiff must establish the harm to be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted); *see also, O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (noting that "the likelihood of substantial and immediate irreparable injury" is a requirement for the issuance of an injunction).  An injunction "will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *Connecticut v.*

*Massachusetts*, 282 U.S. 660, 674 (1931).

Here, plaintiff has alleged no facts that defendants violated Title II of the Americans with Disabilities Act ("ADA") or that he would be denied an assistive hearing device, such as captioning, in the future. In order to succeed on a claim for failure to accommodate under Title II of the ADA, plaintiff must show that "(1) [he] ha[s] a disability; (2) [he is] otherwise qualified to receive the benefits of a public service, program, or activity; and (3) [he was] denied the benefits of such service, program, or activity, or otherwise discriminated against on the basis of [his] disability." *National Fed'n of the Blind v. Lamone*, 813 F.3d 494, 503 (4th Cir. 2016). Though claiming to have a disability, plaintiff makes no allegation that the defendants discriminated against him on the basis of his disability. At best, he claims that he requested or was denied a reasonable accommodation. However, as discussed above, plaintiff was offered and refused an assistive hearing device during the September 23, 2025 hearing. If plaintiff was unable to proceed at the hearing in the absence of captioning, the onus was on him to so state. Rather, plaintiff advised the court "I'm fine. I don't need it. We don't need it." *See Mickey*, 2026 WL 1413197, at *7. As plaintiff declined an assistive hearing device and waived his claim, he is not likely to succeed on his underlying ADA claim and thus does not satisfy the first prong of the court's analysis for injunctive relief with respect to captioning at future proceedings.

Plaintiff also alleges that injunctive relief is warranted as he will likely be successful on his claims of Judge Gibbs' wrong-doing. However, Judge Gibbs' actions in the Circuit

Court have been affirmed by the Appellate Court of Maryland.  *See Mickey*, 2026 WL 1413197, at 10.   This Court lacks jurisdiction to review the final judgments of a state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).   Accordingly, he is not likely to succeed on his claims that he was wrongly denied custody of his child and again does not satisfy the first prong of the court's analysis for injunctive relief with respect to recusal of Judge Gibbs.

Furthermore, there is no likelihood of plaintiff suffering irreparable harm in the absence of the injunctive relief requested.   There is currently no hearing scheduled in the Circuit Court.  *See* Exhibit 3.   Plaintiff has not requested or been denied any request for a hearing assistive device or captioning for any upcoming or scheduled hearing.  *See* Exhibit 3.   Should plaintiff require an assistive hearing device, such as captioning, he should request same in sufficient time prior to the hearing to insure the availability of same at time of a hearing thus giving the Court an opportunity to accommodate his request. Furthermore, plaintiff's State case is not specially assigned to Judge Gibbs.   Should another hearing be scheduled, the matter will be assigned to an available Circuit Court judge, which may not be Judge Gibbs.   Accordingly, there is no likelihood of the alleged harm he claims.   On its face, plaintiff's motion and his complaint fail to allege facts warranting an injunction.

II.    **This Court Does Not Have Jurisdiction over Judicial Assignments in State Courts.**

Under the *Younger* abstention doctrine, a federal court must abstain from exercising

jurisdiction over a case where there is an ongoing state action. *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The policies underlying the *Younger* doctrine are "fully applicable to civil proceedings in which important state interests are involved." *Moore v. Sims*, 442 U.S. 415, 423 (1979). *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Nat'l Home Ins. Co. v. State Corp. Comm'n of Com. of Va.*, 838 F. Supp. 1104, 1117-18 (E.D. Va. 1993); *Middlesex*, 457 U.S. at 432.

Here, plaintiff asserts that he intends to file a motion to modify the custody order. (ECF No. 3-1, at ¶¶ 3, 34.) In fact, he has filed such a motion. *See* Exh. 3. Plaintiff has also moved to recuse Judge Gibbs from further hearing of his State case. (ECF No. 3-1, at ¶ 2); s*ee* Exh. 3. The State case remains open. The State of Maryland clearly has a substantial interest in both managing family matters (*see Moore v. Sims*, 442 U.S. 415, 435 (1979) (stating matters of family law are traditionally left to the state) and the functioning of the state judicial system, management of judicial resources and integrity of its judiciary (*see Middlesex*, 457 U.S. at 432; *see also Harper v. Public Service Comm'n of W. Va.*, 396 F.3d 348, 352 (2005) (the State's ability to operate its own judicial system is a vital interest for *Younger* purposes). *Younger* abstention precludes federal courts from interfering with

state court proceedings that are "'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73, 78 (2013) (citation omitted).

Here, the elements warranting *Younger* abstention are met. The state court proceedings provide an adequate (and appropriate) opportunity for plaintiff to raise any issues regarding Judge Gibbs' fitness or bias as well as any alleged violation of his constitutional rights. *Kaplan v. CareFirst, Inc.*, 614 F. Supp. 2d 587, 595 (D. Md. 2009) ("So long as [the plaintiff] has the opportunity to raise his federal claims in the state court, . . . the intervention of a federal court is not necessary for the protection of his federal rights." (citation and internal quotation marks omitted)). Because the same claims made in the instant action were available to be made in the matter before the state court in Maryland, it is in "the interests of comity and wise judicial administration dictate[s]" to abstain from this matter. *Woodward & Lothrop, Inc., Neall,* 813 F. Supp. 1158, 1163 (D. Md. 1993). There is no question that there is an ongoing state action and plaintiff has a full opportunity to raise any issues in the State court (many, if not all, of which he has raised with the Maryland appellate courts). Therefore, this Court must abstain from exercising jurisdiction over the claims regarding ongoing state court matters. *Younger*, 401 U.S. 37.

Moreover, this court lacks jurisdiction to grant the relief requested, i.e. removal of Judge Gibbs from the State action. This court has no jurisdiction to compel the Maryland state courts to remove Judge Gibbs from presiding over his case. *See, e.g.*, *Gurley v.*

*Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586, 586-87 (4th Cir. 1969).   Therefore, his motion should be denied.

## III.    This Court Is Statutorily Barred from Staying the State Court Action.

The Anti-Injunction Act, 28 U.S.C. § 2283, provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."   None of the conditions to stay the State court proceedings in the instant matter apply.   Accordingly, plaintiff is not entitled to a stay of the proceedings in the Circuit Court for Charles County and his motion for such relief should be denied.

### CONCLUSION

For any or all of the foregoing reasons, plaintiff's motion for injunctive relief should be denied.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland


/s/   *Rachel L. Stewart*
Rachel L. Stewart (#27352)
Assistant Attorney General
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576–7934   (telephone)
(410) 576–6393   (facsimile)
rstewart@oag.maryland.gov

*Attorneys for Defendants*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2026, a copy of the foregoing was served via the court's ECF system and sent via electronic mail to plaintiff at amjr2009@gmail.com and mailed on the next business day by first-class mail, postage prepaid, to:

Anthony Mickey, II
2006 Amber Leaf Pl.
Apt. 34
Waldorf, MD 20602

/s/ Rachel L. Stewart

_____

RACHEL L. STEWART
Federal Bar No. 27352
Assistant Attorney General