**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

ANTHONY MICKEY,

Plaintiff,

v.

HON. MAKEBA GIBBS,
*in her official capacity as Associate Judge, Circuit Court for Charles County*, and
STATE OF MARYLAND,
*through the Administrative Office of the Courts*,

Defendants.

Civil Action No. 26-2178-TDC

**MEMORANDUM ORDER**

Self-represented Plaintiff Anthony Mickey has filed this civil action against Defendants Judge Makeba Gibbs of the Circuit Court for Charles County, Maryland ("the state court") and the State of Maryland in which he alleges that during a child custody hearing, Judge Gibbs violated his fundamental parental rights and right to due process of law under the Fourteenth Amendment to the United States Constitution, failed to accommodate his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and engaged in disability discrimination in violation of the ADA and the Equal Protection Clause of the Fourteenth Amendment. Mickey has filed a Motion for a Preliminary Injunction in which he requests that this Court require Judge Gibbs to be recused from any further proceedings involving him, order a stay of his proceedings before Judge Gibbs pending reassignment to another judge, and direct the State of Maryland to provide him with effective accommodations for his hearing impairment in future court proceedings.

The Motion for a Preliminary Injunction is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. D. Md. Local R. 105.6. Mickey has also filed a Motion for Leave to File a Supplemental Pleading, ECF No. 10, which has not been opposed and thus will be granted. For the reasons stated below, the Motion for a Preliminary Injunction will be DENIED.

**BACKGROUND**

Mickey alleges that he is a parent who was denied a reasonable accommodation for his hearing disability during a September 23, 2025 custody hearing in the state court before Judge Gibbs. Specifically, Mickey asserts that he has a "'localization' deficit" based upon which he "can hear only what he is looking at," and that he "reads lips to understand speech." Compl. ¶ 9, ECF No. 1. At the outset of the custody hearing, after Judge Gibbs inquired whether Mickey was having a hard time hearing her, he stated, "I am hearing impaired" and "I wear a hearing aid." Hrg. Tr. at 11, Mot. Ex. A, ECF No. 1-3. Judge Gibbs then stated that the court could provide a listening device if needed, to which Mickey responded, "I don't necessarily need a listening device" and stated, "I would do better with, like, some captioning, but if you don't have that, then that's fine." *Id.*

Later during the hearing, Judge Gibbs stated, "[I]t doesn't sound like you're hearing us" and again offered a listening device. *Id.* at 45. Mickey responded, "I don't need it. I'm fine. I don't need it" and stated, "[I]t's my localization. I generally can hear what I'm looking at." *Id.* Judge Gibbs then asked, "Is that effective for you, sir?" and again offered a listening aid, which Mickey again declined. *Id.*

At another point in the hearing, Judge Gibbs inquired if Mickey could hear another individual in the courtroom and asked, "[D]oes she have to face you so you can hear her?" *Id.* at

97. Mickey responded "no," but Mary Mickey, Mickey's mother and a witness, stated, "[Y]eah, because he can't hear," to which Judge Gibbs responded, "Okay." *Id.* Mickey alleges that this exchange shows that Judge Gibbs instructed his mother to turn away from him despite knowing that he relies on visual cues to hear the proceedings. Mickey also alleges that at another point in the proceedings, Judge Gibbs looked at him and stated, "I think something is wrong with you." Compl. ¶ 18. Mickey further asserts that Judge Gibbs made various errors on evidentiary rulings and that she applied the evidentiary rules in an "unequal" manner. *Id.* ¶¶ 25–29. At the end of the hearing, Judge Gibbs ordered an "immediate mid-week transfer" of Mickey's daughter to the child's mother, with the child then returning to Mickey for the upcoming weekend. *Id.* ¶ 32; Hrg. Tr. at 210–11.

Based on these events, Mickey alleges, in the following numbered counts: (1) a violation of his parental rights and right to procedural due process under the Fourteenth Amendment to the Constitution by ordering a custody transfer without sufficient evidence; (2) a failure to provide a reasonable accommodation of his hearing disability, in violation of Title II of the ADA, 42 U.S.C. § 12132; (3) disability discrimination, in violation of Title II of the ADA; and (4) a claim under 42 U.S.C. § 1983 for a violation of procedural due process and disability discrimination in violation of the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment.

**DISCUSSION**

In his Motion, Mickey seeks a preliminary injunction requiring the recusal of Judge Gibbs from any further proceedings involving him, a stay of any of his remaining proceedings before Judge Gibbs, and the provision of real-time captioning or another accommodation in all of his future court proceedings in the state court. To obtain a preliminary injunction, Mickey must establish that: (1) there is a likelihood of success on the merits; (2) there is a likelihood of

irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The third and fourth factors merge when the Government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). Each of the four factors must be satisfied for the moving party to obtain a preliminary injunction. *See Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013).

**I. Likelihood of Success on the Merits**

Mickey has not shown that he is likely to succeed on the merits. As to his ADA claims, the ADA provides, in relevant part, that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

The present record does not show that Judge Gibbs excluded Mickey from participating in his custody hearing or otherwise subjected Mickey to discrimination. Mickey alleges that Judge Gibbs discriminated against him in that she "acknowledged that Plaintiff could not hear" yet "proceeded without captioning," that she "told Plaintiff's mother, his lip-reading assistant, to turn away," and that she told him, "I think something is wrong with you." Mot Prelim. Inj. ¶ 1; Compl. ¶¶ 12, 16, 18. However, the excerpts of the hearing transcript submitted by Mickey largely contradict these allegations. The transcript reflects that Judge Gibbs repeatedly asked Mickey if he could hear the proceedings, to which Mickey repeatedly responded that he was fine. The identified excerpt does not show that Judge Gibbs told Mickey's mother to turn away from him, and Mickey has provided no excerpt showing that Judge Gibbs stated that "I think something is wrong with you." Compl.¶¶ 16, 18; Hrg. Tr. at 97-98; Supp. Hrg. Tr. at 195, 198, ECF No. 10-15.

Moreover, the excerpts show that Mickey's only reference to captioning occurred after Judge Gibbs inquired whether he was having a hard time hearing her and offered a listening device, and even then, Mickey did not state that he needed captioning to understand the proceedings and instead stated only that " I would do better with, like, some captioning, but if you don't have that, then that's fine." Hrg. Tr. at 11.

Accordingly, the Court finds that based on the present record, Mickey has not shown that he is likely to succeed on the merits of his reasonable accommodation and disability discrimination claims under the ADA. *See Neal v. E. Carolina Univ.*, 53 F.4th 130, 146 (4th Cir. 2022) (upholding a grant of summary judgment on an ADA discrimination claim in part because the plaintiff had not requested a disability-related accommodation). For similar reasons, the Court finds that the record does not show that Mickey is likely to succeed on the merits of his equal protection claim. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) ("To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.").

As to the claim that the custody hearing violated Mickey's Fourteenth Amendment right to procedural due process and his fundamental parental rights, Mickey is unlikely to succeed because the abstention doctrine identified in *Younger v. Harris*, 401 U.S. 37 (1971), likely applies. Under *Younger*, federal courts ordinarily should abstain from interfering with ongoing state court proceedings, such as by staying or enjoining the state court proceedings or by displacing the state court by ruling on constitutional challenges to the state court's actions. *Id.* at 41, 43; *Moore v. Sims*, 442 U.S. 415, 423, 428 (1979). When the state court proceedings (1) constitute an ongoing state judicial proceeding, (2) implicate important state interests, and (3) provide an adequate

opportunity for constitutional challenges to be raised, *Younger* abstention is appropriate. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). *Younger* abstention is particularly warranted when "exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 11 (1987).

In *Moore*, the United States Supreme Court held that a federal district court should have applied *Younger* abstention to refrain from hearing claims that ongoing state juvenile court proceedings involving custody of children violated the United States Constitution. *Moore*, 442 U.S. at 418, 435. Noting "a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff," the Court held that *Younger* abstention should apply in such circumstances if there was an "adequate opportunity to raise the constitutional claims" in the state court proceedings. *Id.* at 423, 430.

Here, the state court docket shows that Mickey's state family law case is ongoing. Opp'n Ex. 3, ECF No. 13-3. As in *Moore*, Mickey's claims implicate important state interests, as "[f]amily relations are a traditional area of state concern." *Id.* at 435. Mickey contends that he has no adequate opportunity to raise his federal constitutional challenges in state court because the state forum is biased, and that *Younger* abstention does not apply because the custody hearing was conducted in bad faith. However, Mickey provides no evidence of bias or bad faith. Rather, the submitted hearing transcript excerpts strongly suggest that Judge Gibbs diligently sought to confirm that Mickey could hear and understand the proceedings. Accordingly, the Court concludes that *Younger* abstention likely applies, such that Mickey has failed to show a likelihood of success on his constitutional claims.

## II. Remaining Factors

Because Mickey has not demonstrated a likelihood of success on the merits, the Court need not and thus will not fully address the remaining factors. *Pashby*, 709 F.3d at 320–21. Nevertheless, the Court notes that in this instance, the public interest does not weigh in favor of issuing a preliminary injunction. Where the *Younger* doctrine "articulated the 'national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances,'" in part because federal courts must give "'proper respect for state functions,'" *Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (quoting *Younger*, 401 U.S. at 41), it is not in the public interest for this Court to issue an injunction relating to this state court custody proceeding, particularly where Mickey has provided insufficient evidence of a violation of federal rights.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Mickey's Motion for Leave to File a Supplemental Pleading, ECF No. 10, is GRANTED.
2. Mickey's Motion for a Preliminary Injunction, ECF No. 3, is DENIED.
3. The Clerk shall send a copy of this Memorandum Order to Mickey.

Date: August 24, 2026

THEODORE D. CHUANG
United States District Judge